UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


ELSTON BROCKS                                              PLAINTIFF

VS.                                CIVIL ACTION NO. 3:08cv538TSL-JCS

GRAOCH ASSOCIATES #57 LIMITED
PARTNERSHIP D/B/A NORTH HILL
SQUARE APARTMENTS, PINNACLE
REALTY MANAGEMENT CORPORATION,
AMERICAN MANAGEMENT SERVICES, L.L.C.,
KATHY LOVEALL, AND BECKY HALE,
INDIVIDUALLY, JOINTLY, AND SEVERALLY               DEFENDANTS

ORDER

This cause is before the court sua sponte for consideration of remand on the basis that this court lacks jurisdiction over this removed action. See Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (1985) (recognizing that since parties may not confer jurisdiction by their conduct or consent, so that if the parties fail to raise the question of subject matter jurisdiction, it is the court's responsibility to raise the issue sua sponte).

Defendants removed this case from the Circuit Court of Hinds County, First Judicial District, on August 28, 2008, on the basis of diversity jurisdiction, pointing out that the amount in controversy exceeds $75,000, and contending that the resident/nondiverse defendants Kathy Loveall and Becky Hale were fraudulently joined to defeat federal diversity jurisdiction.

Plaintiff Elston Brocks did not seek remand. Nine months later, defendants, including Kathy Loveall and Becky Hale, moved for summary judgment. Plaintiff responded, arguing that he had asserted cognizable claims against all the defendants and that genuine issues of material fact precluded summary judgment for any of the defendants. This court has entered its order denying that motion.[1] Inasmuch as the court has concluded that plaintiff, who is identified in his complaint as a Mississippi citizen, has asserted a cognizable claim against the resident defendants Hale and Loveall, also Mississippi citizens, and as the amount in controversy exceeds $75,000, it is apparent that this court lacks subject matter jurisdiction, so that the case must be remanded to the Circuit Court of Hinds County, from which it was removed.

Accordingly, it is ordered that this case shall be remanded to the Circuit Court of Hinds County, First Judicial District.

SO ORDERED this 6th day of October, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] In the briefing on the motion for summary judgment, no mention was made by either party of the citizenship of any party. And, curiously, plaintiff recited in his response to the motion that he had "filed [his] complaint [in this cause] in the United States District Court for the Southern District of Mississippi, Southern Division therein naming North Hill Square Apartments and members of its management, Kathy Loveall and Becky Hale as Defendants." This was incorrect, as the court's review of the docket sheet reveals that this case was, in fact, brought in state court and removed by defendants nearly a year ago.